UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PRINCE M. ASIAM,
    *Plaintiff*,

v.

LONIS, et al.,
    *Defendants.*

No. 3:25-cv-00494 (VAB)

**RULING AND ORDER**

Prince M. Asiam ("Plaintiff") is an inmate incarcerated at the Osborn Correctional Center. He filed this civil rights action on March 25, 2025, Compl., Doc. No. 1, and seeks to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, *see* Mot. to Proceed IFP, ECF No. 2; *see also* Mot. to Proceed IFP, ECF No. 12.

Whether to permit a litigant to proceed IFP in a civil case is a decision committed to the sound discretion of the district court. *See Brooks v. Aiden 0821 Capital LLC*, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020); *Rahimi v. Sec. of Navy*, 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). A litigant need not be absolutely destitute to qualify for *in forma pauperis* status, and instead must show that the burden of prepaying the filing fee would force them to forgo "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Thus, a court must consider whether the burden of paying the fees for filing and service would hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action. *See Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). In applying the "necessities of life"

1

standard in the prison context, courts take note that many of a prisoner's necessities are provided to him by the government. As the Second Circuit has explained, prisoners "maintain their own, often complex, economic lives," and so the Court must consider all of their obligations when determining if they are able to prepay the filing fee. *Rosa v. Doe*, 86 F.4th 1001, 1009 (2d Cir. 2023). Paying the fee should not leave them "wholly destitute," and they should not be forced to pay the "last dollar they have or can get" to proceed with their claims. *Adkins*, 335 U.S. at 339.

The Court's determination of whether a plaintiff's financial circumstances qualify him for IFP status may include consideration of the resources of persons who support him. *See, e.g.*, *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (internal quotation marks and citations omitted)); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984).

Thus, the statute requires that prisoners who request leave to proceed IFP submit "an affidavit that includes a statement of all assets" they possess and "a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a). With that information, the Court determines whether each applicant qualifies for *in forma pauperis* status. Generally, the Court should accept a party's allegations supporting the requirements to proceed *in forma pauperis* unless the Court "perceive[s] a flagrant misrepresentation." *See Rosa*, 86 F.4th at 1009 (2d Cir. 2023) (citing *Adkins*, 335 U.S. at 339).

According to his motion, Mr. Asiam is currently employed at Osborn, earns an income of approximately $256 per month, and has no additional sources of income. Mot. to Proceed IFP 2.

He reports having no dependents. *Id*. He specifies that he spends approximately $300 per month on life necessities, and he had access to around $435 when he filed this action. *Id.* at 3. On March 29, 2025, the Court issued an order directing Plaintiff to specify with additional detail his claim of having nearly $300 in monthly expenses.  *See* Mar. 29, 2025, Order. Plaintiff refiled his Motion for IFP, ECF No. 12, but he failed to provide the requested, and necessary, additional information. Additionally, even taking Plaintiff's claimed amount of monthly necessities at face value, his deposits and salary—which total more than $2,600 over the previous six months—are sufficient for Plaintiff to pay the filing fee in this action.  *See* Account Statement, ECF No. 13.

As a result, Mr. Asiam's application shows access to sufficient funds to pay the Court's filing fee, and cover payment for necessities of life, not otherwise provided by the prison on March 25, 2025.  Thus, the Court concludes that he does not qualify for *in forma pauperis* status.

Accordingly, his motions for leave to proceed IFP (ECF Nos. 2, 12) are **DENIED** without prejudice.

All further proceedings in this matter shall be held in abeyance until **May 16, 2025** pending Mr. Asiam's delivery of the filing fee in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604.

Failure to tender the filing fee by **May 16, 2025** will result in the dismissal of this action.

**SO ORDERED** at New Haven, Connecticut, this 15th day of April, 2025.

_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE