UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PRINCE M. ASIAM,

v.

No. 3:25-cv-494 (VAB)

LONIS, et. al.

**INITIAL REVIEW ORDER**

This case arises out of an alleged motor vehicle accident from the transportation of Prince Asiam ("Plaintiff") by two Department of Correction ("DOC") employees. The Court previously reviewed Mr. Asiam's Complaint, and allowed him to correct certain deficiencies. Initial Review Order, ECF No. 19. Mr. Asiam has now amended his Complaint, and the Court has reviewed the Amended Complaint. Am. Compl., ECF No. 22.

In its initial review of Mr. Asiam's original complaint, the Court allowed Mr. Asiam to proceed on his Eighth Amendment deliberate indifference claim against APRN Lonis in both her individual and official capacity. Initial Review Order at 8-9. Mr. Asiam realleges his Eighth Amendment claim against APRN Lonis in his Amended Complaint, and the Court therefore allows it to proceed for further development, as it did previously. Mr. Asiam appears to have abandoned, however, his related state law negligence claim against APRN Lonis.

In addition to this claim, Mr. Asiam sues the two correctional officers who transported him in their individual and official capacities, alleging state law claims of negligence. On initial review, the Court limits its review to federal-law claims, and it therefore does not analyze the viability of these state law claims. They thus will proceed beyond initial review, and these Defendants may address them as they deem appropriate.

Mr. Asiam also names as an additional Defendant, John Doe, the alleged driver of the vehicle that collided with the transport van, and alleges a state law negligence claim against him. The Court declines to exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(c)(2); *Reynolds v. Semple*, No. 3:19CV1226 (KAD), 2019 WL 5394675, at *2 (D. Conn. Oct. 22, 2019) (declining to exercise supplemental jurisdiction over state law negligence claim against private driver in accident where party could not be liable under § 1983).

Accordingly, the Court enters the following orders, and, due to the addition of new Defendants in the Amended Complaint, the Court also *sua sponte* extends the deadlines set in the first Initial Review Order as follows:

1. The case shall proceed on Mr. Asiam's individual and official capacity claim for Eighth Amendment deliberate indifference against APRN Lonis, and the individual and official capacity state law claims against Officers Evans and Delgado. The claims against John Doe are dismissed without prejudice to renewal in a separate action.

2. The Clerk of Court shall verify the current work address for APRN Lonis, Evans, and Delgado with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint and attachments to them at their confirmed addresses by **November 21, 2025**, and report on the status of the waiver request by **December 5, 2025**. If Defendants fail to return the waiver request, the Clerk of Court shall arrange for in-person individual capacity service by the U.S. Marshals Service on Defendants, and Defendants shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

3. The Clerk of Court is instructed to prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal Service is directed to

effect service of the Amended Complaint and this Order on Defendants Lonis, Evans, and Delgado in their official capacities at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106, by **November 21, 2025**, and to file a return of service within thirty (30) days from the date of this order.

4. The Clerk of Court shall send a courtesy copy of the Amended Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

5. Defendants shall file their response to the Amended Complaint, either an answer or motion to dismiss, by **February 6, 2026**.  If Defendants choose to file an Answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  Defendants may also include any and all additional defenses permitted by the Federal Rules.

6. Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by **June 26, 2026**.  Discovery requests shall not be filed with the Court.

7. The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures."  *See* ECF No. 7.

8. All motions for summary judgment shall be filed by **July 31, 2026**.

9. According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

10. If the Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1 provides that he MUST notify the Court.  **Failure to do so may result in the dismissal of the case**.  The Plaintiff must give notice of a new address even if he is

incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

11. Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on Defendants' counsel by regular mail.

**SO ORDERED** at New Haven, Connecticut, this 30th day of October, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE